**James A. MCPHETERS,**
**Plaintiff–Appellant,**

v.

**CITY OF BOISE; et al., Defendants–Appellees.**

No. 08–35708.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Decided Jan. 5, 2010.

James A. McPheters, Boise, ID, pro se.

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

MEMORANDUM **

James A. McPheters appeals pro se from the district court's judgment dismiss-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing his 42 U.S.C. § 1983 action with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

The district court properly concluded that McPheters did not acquire title to the property at issue by adverse possession because the record shows that he did not meet the requirements for adverse possession under Idaho law. *See* Idaho Code Ann. § 5–210 (2001).

The district court properly dismissed McPheters's Fourth Amendment claim because he was not legitimately on the premises at the time of the alleged search and seizure. *See United States v. Cunag,* 386 F.3d 888, 893 (9th Cir.2004) (stating that "when an individual is not legitimately on the premises, he does not enjoy the protection afforded by the Fourth Amendment").

The district court properly dismissed McPheters's due process claim because the State of Idaho provides an adequate post-deprivation remedy. *See* Idaho Code Ann. § 6–901 *et seq.; Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (deprivation of property does not constitute a due process violation when a post-deprivation state remedy is available).

The district court properly dismissed McPheters's action without leave to amend because amendment of the complaint would be futile. *See Chappel v. Lab. Corp. of Am.,* 232 F.3d 719, 725–26 (9th Cir. 2000).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

McPheters's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.